1  W. SCOTT QUINLAN, #101269
   Attorney at Law
2  2333 Merced Street
   Fresno, CA 93721
3  (559) 442-0634
   (559) 233-6947
4

5  Attorney for Defendant, ARTURO VILLA-CORAL

FILED
2005 OCT 14 A 9: 32

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No CRF-04-5328 AWI |
| ) | |
| ) | **DEFENDANT ARTURO VILLA-** |
| ) | **CORAL'S EX PARTE APPLICATION** |
| Plaintiffs, ) | **FOR AN ORDER PREVENTING** |
| ) | **THE GOVERNMENT FROM** |
| vs. ) | **TAMPERING WITH OR OPENING** |
| ) | **SEALED PACKAGES UNTIL** |
| ARTURO VILLA-CORAL, ) | **FURTHER ORDER** |
| ) | |
| Defendant. ) | |
| ) | COURT: Honorable Anthony W. Ishii |

**APPLICATION**

On October 12, 2005 counsel for defendant Arturo Villa-Coral first learned that the bulk of the marijuana seized on November 3, 2004 had been destroyed, while reviewing evidence at the State Bureau of Narcotics Enforcement Office located at 1735 E Street in Fresno, California. Defendant's counsel was able to observe two hermetically sealed plastic envelopes of marijuana designated as Exhibits 121-18 and 121-19. These exhibits, because they have been sealed, are probably most like the marijuana that was seized on November 3, 2005 in terms of moisture content.

As the Court is probably aware from the application for expert services, Defendant is retaining an expert witness on marijuana yields. That witness will testify that when harvested approximately 75% of the weight of the marijuana is water. The sealed exhibits should disclose

1  to this expert the extent, if any, to which this marijuana had dried prior to seizure. It is
2  imperative to the defense that the government not open these packages or transmit them to a lab
3  for testing before Defendant's expert can review them. The government has deported witnesses
4  in this case and destroyed the bulk of the marijuana before Defendants could weigh it, both
5  without notification to the defense. Defendant's case can not afford the destruction of any more
6  evidence. It is for this reason that Defendant applies to this Court for an order prohibiting the
7  government from opening these two exhibits or from transmitting them to any place other than
8  their current location at the BNE evidence locker located at 1735 E. Street, Fresno, California.
9      Accordingly, Defendant seeks an order prohibiting the removal, opening of, or
10 destruction of Exhibits 121-18 and 121-19 in the above-captioned case seized from 4697 Lingard
11 Road, Merced California as part of the Estanislao Pulido investigation (BNE investigation
12 #FR2002-0069) currently located at the BNE evidence locker in Fresno, California.
13
14
15 Dated: October 13, 2005                    Respectfully submitted,
16
17
18                                             /s/ W. Scott Quinlan
                                               W. Scott Quinlan, Attorney for
19                                             Defendant, ARTURO VILLA-CORAL
20
21                         ORDER
22
23     Upon reviewing the ex parte application of Defendant Arturo Villa-Coral, and good cause
24 appearing therefore;
25     IT IS HEREBY ORDERED that Exhibits 121-18 and 121-19 in the above-captioned case,
26 seized from 4697 Lingard Road, Merced, California as part of the Estanislao Pulido investigation
27 (BNE investigation #FR2002-0069) currently located at the BNE evidence locker located at
28 ///

1735 E. Street, Fresno, California shall not be opened, removed, transported, or destroyed until further order of this court.

Dated: 10-14-05

Honorable Anthony W. Ishii